Kevin GRATT, Individually and on
behalf of all others similarly
situated, Plaintiff–Appellant,

v.

ETOUR AND TRAVEL, INC., formerly
known as Cape Canaveral Tour and
Travel, Inc., Kosmas Group Interna-
tional, Inc., Nicholas Kosmas, Robert
P. Kosmas, Steven P. Kosmas, King's
Creek Plantation, L.L.C., Defendants–
Appellees,

Mario Kokolis, Larry R. McCardle,
David Sadler, and Michael
Kokolis, Defendants.

No. 08–3511–cv.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2009.

Todd C. Bank, Kew Gardens, NY, for
appellant.

Ira M. Saxe, Crowell & Moring, LLP,
New York, N.Y. (Richard J. Capriola,
Weinstock & Scavo, P.C., Atlanta, GA,
Frank M. Esposito, Crowell & Moring,
LLP, New York, NY, on the brief), for
appellees ETour and Travel, Inc., Kosmas
Group International, Inc., Nicholas Kos-
mas, Robert P. Kosmas, and Steven P.
Kosmas.

Richard E. Lerner (Debra A. Adler, on
the brief), Wilson Elser Moskowitz Edel-
man & Dicker LLP, New York, NY, for
appellee King's Creek Plantation, L.L.C.

Present: WALKER, ROBERT A.
KATZMANN, JANE R. ROTH,* Circuit
Judges.

## SUMMARY ORDER

Plaintiff–Appellant Kevin Gratt appeals
from a judgment of the district court dated

* The Honorable Jane R. Roth, of the United
States Court of Appeals for the Third Circuit,
sitting by designation.

September 14, 2007, 2007 WL 2693903, which dismissed, for lack of subject matter jurisdiction, his putative class action. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

As Gratt concedes, his argument that a federal court should not apply N.Y. CPLR 901(b) (providing that "an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action" unless the "statute creating or imposing [the] penalty, or [the] minimum measure of recovery specifically authorizes the recovery thereof in a class action") to putative class actions brought in federal courts in New York under the Telephone Consumer Protection Act, 47 U.S.C. § 227, is squarely foreclosed by our decision in *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2d Cir.2008). "Generally, this court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc* . . . . We have also observed that we may depart from a prior decision when it merely has been called into question by an intervening United States Supreme Court decision." *Consol. Edison Co. of N.Y. v. UGI Utils., Inc.*, 423 F.3d 90, 101 n. 12 (2d Cir.2005) (internal quotation marks omitted). Gratt does not argue that any such intervening *en banc* decision exists. Further, although Gratt cites *Haywood v. Drown*, —— U.S. ——, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009), as a relevant intervening Supreme Court decision, *Haywood* does not call into question the rationale of *Bonime*. Accordingly, we are bound to apply *Bonime*.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**